BROCKMAN, Respondent, vs. WERNER and others, imp., Appellants.

*December 15, 1921—April 11, 1922.*

*Contracts: Cost-plus agreements: Modification to include other work: Evidence: Sufficiency.*

1. Where a contract to build a one-story garage on a cost-plus basis, not to exceed $32,090, was modified to provide for an additional story, a finding of the trial court that there was no contract to build the additional story for a specific sum, but that it was to be built on the cost-plus basis, is *held* to be supported by the evidence.
2. Such modification of the contract to provide an additional story for the building, necessitating some changes in the first story, is *held* not to abrogate the written agreement limiting the

cost of the building as originally planned.  Changes in the original plan, in so far as they increased the cost of the first story, should be considered extras, and any decreased cost should be a credit to the owner.

APPEAL from a judgment of the circuit court for Milwaukee county:  LAWRENCE W. HALSEY, Circuit Judge. *Reversed.*

Action to recover the balance due plaintiff for building a two-story garage and basement for defendants and for a mechanic's lien on the property.

It is undisputed that plaintiff and defendants *Werner* and *Sims* entered into a written contract for the construction of a one-story garage building at a cost-plus basis not to exceed $32,090.  · After the construction of the building had begun defendants became desirous to add a second story and they claim that plaintiff agreed to build it at a cost of approximately $19,000. This is denied by plaintiff, who claimed. that the agreement was that both the first and second story and basement should be built on a cost-plus basis.  The court found in favor of the plaintiff and entered judgment for the cost of the entire building with basement and the wrecking of the old buildings plus fourteen per cent. which plaintiff was to receive in addition to the cost of labor and materials, amounting in all to the sum of $74,693.14, less $44,000 paid, leaving a balance of $30,693.14 and interest. From such judgment the defendants *Werner* and *Sims* appealed.

For the appellants *Werner* there was a brief by *A. J. Schmitz* of Milwaukee, and for the appellants *Sims* a brief by *Olwell, Durant & Brady* of Milwaukee; and the cause was argued orally by *Mr. Lawrence A. Olwell* and *Mr. Schmitz.*

For the respondent there was a brief by *Alexander & Burke* of Milwaukee, and oral argument by *Frank P. Burke.*

The following opinion was filed February 7, 1922:

VINJE, J.   Since a new trial must be had upon a new basis many of the questions argued drop out.   The case presents almost exclusively questions of fact, and all the findings of the learned trial court are sustained except the one that finds that the original contract for a one-story building without a basement for cost-plus not to exceed $32,090 was abrogated when the agreement as to the second story was entered into.   We need not go into all the details as to how plans were suggested, modified, and abandoned before the contract mentioned was entered into.   Both parties admit the execution of the first contract, which was in writing and was based upon plans and specifications furnished by Mr. Koch, plaintiff's employee and architect. When the construction of the first story was under way but before it had progressed far, negotiations for the addition of a second story and basement began, and it is the claim of defendants that plaintiff agreed to build the second story, not including some extras such as elevator, etc., for approximately $19,000.   This claim is based upon a conversation that *Werner* and *Sims* had with Koch, in which the latter furnished a rough estimate, based upon an estimated cubic foot price, at $24,000, which later *Werner* claims was reduced to $19,000.   Koch denies he ever furnished any estimate for $19,000, much less agreed on behalf of plaintiff to build the second story for approximately such amount. His testimony is that *Werner* came back the next day after the $24,000 estimate was furnished and that he and *Werner* had some further talk about the building and the second story and basement and that finally *Werner* said, "Well, I guess you better go ahead," and that Koch then said, "That will be on a percentage basis?" and that *Werner* answered, "Sure, that is the better way anyhow."   This sums up the substance of the direct testimony on the subject.   The trial

court saw the witnesses, and it was peculiarly within his discretion to judge as to who was the more credible. There are a number of considerations that lead us to believe that no oral contract to construct the second story for approximately $19,000 was ever made. In the first place that is not a usual way to transact business of such magnitude, especially where, as here, there is no evidence as to just how the second story should be constructed either as to materials, partitions, openings, or otherwise. In the second place it is uncontradicted that plaintiff from time to time consulted with defendants as to the mode of constructing the second story, as to the size of girders that should be used for the roof, and as to what firm to purchase them from. Many changes in the plan of the first story and foundation walls had to be made and defendants were consulted with reference thereto. We have no doubt that, even if an estimate for $19,000 was made, it never ripened into a contract between the parties. The evidence as to what kind of a second story should be built is too vague to support a contract with reference thereto. The trial court properly found that no such contract was ever made.

But we think it erred when it found that the agreement to build the basement and second story upon a cost-plus basis abrogated the written contract to build the first story at a cost not to exceed $32,090. It is true that a number of changes had to be made in the first story owing to the addition of a basement and second story, but such changes, in so far as they increased the cost, would be extras to be paid for on cost-plus basis, and in so far as they decreased the cost, as for instance the omission of a roof, such decreased cost should be credited to the defendants.

The evidence was not taken upon this basis and we find it impossible to state the account as it should be stated. It is held that the plaintiff can recover for the first story, exclusive of changes therein, extras and basement, the cost plus fourteen per cent., not to exceed $32,090; that for the balance of the building, including the wrecking of the old

building, he is entitled to recover the cost plus fourteen per cent., less credits for old material used as found by the court, and that for the balance he should have a lien as granted in the judgment appealed from. The evidence showed that fourteen per cent. was a reasonable percentage of profit and that amount is not contested by the defendants.

There is some evidence from which it may be inferred that the cost-plus basis should apply to the whole building, but it is not definite and certain enough to have the effect of canceling the written contract between the parties.

It follows that the judgment must be reversed, and the cause remanded for the taking of further evidence, and judgment as indicated in this opinion with costs in favor of defendants.

*By the Court.*—It is so ordered.

A motion for a rehearing was denied, with $25 costs, on April 11, 1922.